Jason T. Holden
Katie R. Ranta
Faure Holden Attorneys at Law, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Phone: (406) 452-6500
Fax: (406) 452-6503
jholden@faureholden.com
kranta@faureholden.com
*Attorneys for Plaintiff*

David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
david@daviddeal.com
*Attorney for Plaintiff*
*Pro Hac Vice application pending*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| SEAN R. HEAVEY,<br><br>Plaintiff,<br><br>-vs-<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant. | Cause No. _____<br>Hon. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Sean R. Heavey, by and through his counsel of record, Faure Holden Attorneys at Law, PC, for his Complaint alleges as follows:

1

## JURISDICTION

1. Plaintiff Sean R. Heavey ("Sean") is a citizen of the State of Montana, residing in Glasgow, Valley County, Montana.

2. Defendant Netflix, Inc. ("Netflix") is a Delaware corporation with its principal place of business in Los Gatos, California.

4. This Court has jurisdiction pursuant to 17 U.S.C. § 101, et seq; 28 U.S.C. § 1331, 28 U.S.C. §1332(a), and 28 U.S.C. § 1338 because this case involves a claim for copyright infringement.

## VENUE

5. Venue is proper in the United States District Court, District of Montana because Netflix can be found in the District of Montana, the events giving rise to the claims occurred in the District of Montana, and Netflix engaged in copyright infringement in the District of Montana. 28 U.S.C. § 1391(b) and (c); 28 U.S.C. § 1400(a).

6. Venue is proper in the Great Falls Division as this Division includes Valley County. Mont. Code Ann. § 25-2-122(2)(b); Local Rules 1.2(c)(4) and 3.2(b).

## FACTS APPLICABLE TO ALL COUNTS

7. Sean is an experienced, award-winning commercial photographer specializing in landscape, panoramic, portrait, and nature photography. Sean

2

regularly works for a variety of advertising and editorial clients throughout the world, included but not limited to: Apple, Random House, Time Books, *USA Today*, *National Geographic*, *The Daily Mail*, National Public Radio, and The Nature Conservancy.

8. On July 10, 2010, Sean captured a photograph near Hinsdale, Valley County, Montana which he titled "The Mothership." Exhibit 1.

9. Sean captured "The Mothership" using great technical skill and careful timing, as well as significant time and energy. Sean tracked and followed the storm depicted in "The Mothership" for many hours, beginning as it crossed the Montana/Canada border heading South. Sean used his technical expertise to digitally combine four independent, vertically-framed panoramic photographs to create "The Mothership." The four photographs combined to create "The Mothership" were the result of numerous sequences of experimentation by Sean with various framing, exposure, shutter speed, and movement options.

10. On or about October 20, 2010, Sean submitted "The Mothership" photograph to National Geographic for consideration in the National Geographic Photography Contest 2010.

11. On November 19, 2010, The Boston Globe, with permission from National Geographic, posted "The Mothership" photograph to the following URL: www.boston.com/bigpicture/2010/11national_geographics_photograp.html

(Last visited September 10, 2018) ("Boston Globe Post").  Exhibit 2.

12. The Boston Globe Post was titled "The Big Picture: News Stories in Photographs" and featured a selection of entries to the National Geographic Photography Contest 2010.

13. The Boston Globe Post included the text, "Photo and caption by Sean Heavey" immediately below "The Mothership" photograph. Exhibit 2.

14. Plaintiff registered "The Mothership" photograph with the United States Copyright Office on November 26, 2010 (Registration No.: VA 1-759-531). Exhibit 3.

15. On July 31, 2010. Plaintiff posted "The Mothership" photograph to the following URL:

www.facebook.com/photo.php?fbid=139134222784419&set=a.140851502612691&type=3&theater (Last visited August 29, 2018) ("Heavey Post"). Exhibit 4.

16. The Heavey Post included Plaintiff's signature, "Sean R. Heavey," attached to the bottom right corner of "The Mothership" photograph. Exhibit 4.

17. Defendant is a media services provider, specializing in subscription-based online streaming through its commercial website www.netflix.com.

18. Defendant has 130 million subscribers in over 190 countries worldwide.

19. Defendant produces original content, including the series, *Stranger*

*Things*, the seven-episode "after-show" *Beyond Stranger Things*, and the movie, *How it Ends*.

20. Defendant owns, operates, and is solely responsible for the "original" content available on www.netflix.com.

21. On or about January 1, 2017, Defendant copied and used "The Mothership" photograph in the Netflix original series *Beyond Stranger Things*.

22. Defendant used "The Mothership" photograph for numerous "Concept Art" pieces displayed in *Beyond Stranger Things*.

23. "The Mothership" photograph appears between 9:08-9:12 of Episode 3 of *Beyond Stranger Things*. Exhibit 5.

24. "The Mothership" photograph appears between 8:30-8:32 of Episode 5 of *Beyond Stranger Things*. Exhibit 6.

25. "The Mothership" photograph appears between 13:15-13:17 of Episode 5 of Beyond Stranger Things. Exhibit 7.

26. "The Mothership" photograph appears between 19:55-20:03 of Episode 1 of Beyond Stranger Things. Exhibit 8.

27. On or about January 1, 2017, Defendant copied and used "The Mothership" photograph in the Netflix original series, *Stranger Things* (Season Two).

28. "The Mothership" photograph appears between 42:09-42:13 of

Episode 1 of *Stranger Things* (Season Two). Exhibit 9.

29. "The Mothership" photograph appears between 42:20-42:22 of Episode 1 of *Stranger Things* (Season Two). Exhibit 10.

30. Episode 1 of *Stranger Things* (Season Two) averaged 15.8 million viewers in the first three days after release.

31. "The Mothership" photograph appears between 4:14-4:15 of Episode 4 of *Stranger Things* (Season Two). Exhibit 11.

32. Episode 4 of *Stranger Things* (Season Two) averaged 9.3 million viewers in the first three days after release.

33. On or about January 1, 2018, Netflix copied and used "The Mothership" graph in the Netflix original, feature-length movie, *How It Ends*.

34. Netflix used "The Mothership" photograph in two scenes of the movie, *How It Ends*.

35. "The Mothership" photograph appears between 42:56-43:00 of *How It Ends*. Exhibit 12.

36. "The Mothership" photograph appears between 43:16-43:18 of *How It Ends*. Exhibit 13.

37. Netflix used "The Mothership" photograph in the preview for *How It Ends*, viewable on the Netflix "Browse" page.

38. "The Mothership" photograph appears between 1:35-1:36 of the

preview for *How It Ends*. Exhibit 14.

39. Netflix copied and used "The Mothership" photograph in the above-detailed instances without permission or license from Sean or Sean's authorized agent.

40. Netflix's appropriation of "The Mothership" photograph has encouraged further, widespread copying of "The Mothership" photograph. Exhibit 15.

41. Despite being repeatedly made aware of the above-detailed information, as of date of this filing, Netflix has refused to remove the infringing material.

## COUNT I – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101, ET SEQ.

42. Sean incorporates herein by this reference paragraphs 1-41, above.

43. Sean is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to "The Mothership," which is the subject of a valid Certificate of Copyright Registration by the Register of Copyrights.

44. Among the exclusive rights granted to Sean under the Copyright Act is the exclusive rights to prepare and distribute "The Mothership" to the public.

45. Among the exclusive rights granted to Sean under the Copyright Act

is the exclusive right to authorize others to prepare derivative works based on "The Mothership."

46. Netflix, without Sean's permission or consent, copied and distributed "The Mothership" by using it in Netflix originals, *Stranger Things*, *Beyond Stranger Things*, and *How It Ends*.

47. Defendant violated Sean's exclusive rights of reproduction and distribution.

48. Defendant's actions constitute infringement of Sean's copyright and exclusive rights under copyright.

49. Netflix's act of infringement was willful and intentional, in disregard of and with indifference to Sean's rights.

50. Netflix, without Sean's permission or consent, created a derivative work from "The Mothership" by incorporating it into the content of Netflix "originals," *Stranger Things*, *Beyond Stranger Things*, and *How It Ends*.

51. As a result of Netflix's infringement of Sean's copyright and exclusive rights under copyright, Sean has suffered damages.

52. Sean is entitled to actual or statutory damages, including any profits realized by Netflix attributable to the infringement, pursuant to 17 U.S.C. § 504-5.

## COUNT II - REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. § 1202

53. Sean incorporates herein by this reference paragraphs 1-52, above.

54. Netflix, without Sean's permission or consent, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from "The Mothership" before using it in *Stranger Things*, *Beyond Stranger Things*, and *How It Ends*.

55. In doing so, Netflix violated 17 U.S.C. § 1202.

56. As a result of Netflix's actions, Sean suffered damages.

57. Sean is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(c).

58. Sean is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Sean prays for judgment in its favor and against Netflix as follows:

59. finding that Netflix's unauthorized conduct violated Sean's rights under the Federal Copyright Act;

60. immediately and permanently enjoining Netflix, its officers, directors, agents, servants, employees, representatives, attorneys, related companies,

successors, assigns, and all others in active concert or participation with Netflix, from copying and republishing "The Mothership" without consent or otherwise infringing Sean's copyright or other rights in any manner;

61. awarding Sean all damages he suffered as a result of Netflix's copyright infringement to the fullest extent allowed by law, including:

    a. ordering Netflix to account to Sean for all gains, profits, and advantages derived by Netflix by its infringement of Sean's copyright or such damages as are proper;

    b. the maximum allowable statutory damages for each violation because Netflix intentionally infringed Sean's copyright; and

    c. all of Sean's actual and/or statutory damages for Netflix's copyright infringement.

62. for an award of all Sean's attorneys' fees and costs to the fullest extent allowed by law, including pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5);

63. for all pre- and post-judgment interest to the fullest extent allowed by law; and

64. for all other relief this Court deems just, equitable, and proper.

## JURY DEMAND

Sean demands a jury on all issues so triable.

DATED this 13th day of September, 2018.

                                        Faure Holden Attorneys at Law, PC

                                        */s/ Jason T. Holden*
                                        Jason T. Holden

                                        */s/ Katie R. Ranta*
                                        Katie R. Ranta